INHABITANTS OF SUMNER *vs.* LOVELL L. GARDINER.

Oxford. Opinion March 6, 1896.

*Tax. Ways. Towns. Highway Surveyors. Road Commissioners.*
*R. S., c. 18, §§ 76, 79.*

When a town elects more than one road commissioner, the municipal officers must name one of them to be chairman, and he is required to keep the rate bills and a record of the money received and paid, and hold the money subject to payment as the commissioners order, and he must give a bond with sureties for the faithful performance of his duties. When only one is chosen, he must give a like bond. R. S., c. 18, § 79. When no such appointment of chairman has been made, and no such bond has been given, *held,* that the persons elected as road commissioners are not legally organized or qualified to act.

In such case, and there being no highway surveyor, there is no town officer who can legally demand and collect highway taxes; or make the returns to the assessors necessary to lay the foundation for collecting the amount in money under R. S., c. 18, § 76.

A town voted to raise two thousand dollars for the support of roads and bridges to be expended in highway labor under the supervision of highway surveyors. Three road commissioners had been elected but were not organized or qualified to act. No highway surveyors were elected or appointed. In an action at law to recover a tax in money in this case, *held,* that the defendant could neither be required to work out such tax in labor, nor pay the same in money.

ON REPORT.

This was a statutory action of debt to recover of the defendant, an inhabitant of Sumner, a tax assessed in 1890 as a highway tax, and included in the assessment of 1891 as an unpaid high-

way tax. The defendant admitted his residence and liability to be taxed.

The case is stated in the opinion.

*George A. Wilson,* for plaintiff.

First. The only legal essentials for the maintenance of this action are a legal assessment and written direction to commence suit.

Second. That having received a return of this tax as unpaid by the road commissioners, the assessors were bound to include it in their next assessment ; and the defendant is bound to pay it and cannot defeat this suit by showing any defect or informality in the action of the town officers subsequent to the assessment.

Third. That the testimony shows in fact a substantial compliance, on the part of the town officers, with all vital requirements of the statute sufficient to prevent this defendant from escaping from his just share of the public burden.

Counsel cited : *Rockland* v. *Ulmer,* 84 Maine, 508 ; *Norridgewock* v. *Walker,* 71 Maine, 182 ; *Lord* v. *Parker,* 83 Maine, 533 ; *Bath* v. *Whitmore,* 79 Maine, 182 ; *Topsham* v. *Blondell,* 82 Maine, 152 ; *Boothbay* v. *Race,* 68 Maine, 351, 357 ; *Hayford* v. *Belfast,* 69 Maine, 63, 65 ; *Rogers* v. *Greenbush,* 58 Maine, 390 ; *Gilman* v. *Waterville,* 59 Maine, 491.

*J. P. Swasey and O. H. Hersey,* for defendant.

SITTING : PETERS, C. J., WALTON, EMERY, FOSTER, HASKELL, WHITEHOUSE, JJ.

WALTON, J. This is a suit to recover a tax originally assessed as a highway tax payable in labor. The town now claims to recover the amount in money on the ground that the defendant illegally refused to work out the tax or to furnish labor or materials to pay it. The defendant denies that the tax was ever legally demanded of him. The real controversy is in relation to the authority of the persons who undertook to collect the tax.

It appears that at its annual meeting held March 3, 1890, the town "voted to raise a thousand dollars for the support of roads and bridges and running of road machine." At a subsequent

meeting held March 24, 1890, the town voted to rescind the vote whereby a thousand dollars was raised for the support of roads and bridges, and voted to raise two thousand dollars for that purpose, "to be expended in highway labor under the supervision of highway surveyors."

It is the latter clause of this last vote that creates the controversy. At the first meeting the town had elected three road commissioners, and notwithstanding the town at its last meeting had expressly voted that the two thousand dollars then raised for the support of roads and bridges should be "expended in highway labor under the supervision of highway surveyors," the road commissioners undertook to collect and expend the tax. The defendant denied their authority to do so, and refused to work out his tax under them.

We are forced to the conclusion that the defendant's refusal was justifiable. Not only was the tax, which the road commissioners undertook to collect and expend, burdened with the condition that it should be expended in highway labor under the supervision of highway surveyors, but the evidence fails to show that the road commissioners were legally qualified to act as such. When a town elects more than one road commissioner, the municipal officers must name one of them to be chairman, and he is required to keep the rate bills and a record of the money received and paid, and hold the money subject to payment as the commissioners order, and he must give a bond with sureties for the faithful performance of his duties. When only one is chosen, he must give a like bond. Revised Statutes, chap. 18, § 79. In the present case no such appointment of chairman appears to have been made and no such bond appears to have been given. The persons elected as road commissioners do not appear, therefore, to have been legally organized and qualified to act. It is the opinion of the court that, under these circumstances, the defendant had a right to refuse to work out his highway tax under the persons elected as road commissioners, and that his refusal can not be made the foundation for an action to recover the amount of his tax in money. Either highway surveyors should have been legally elected or appointed,

or the road commissioners should have been legally organized and qualified to act. So far as appears there were no town officers who could legally demand and collect the highway taxes of that year, or make the returns to the assessors necessary to lay the foundation for collecting the amount in money. Revised Statutes, chap. 18, § 76.

*Judgment for defendant.*